RENDERED: MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2025-CA-0649-MR

KIMBERLY A. GOODMAN AND
DAVID W. HILL                                                           APPELLANTS


                    APPEAL FROM LEWIS CIRCUIT COURT
v.          HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
                    ACTION NO. 24-CI-00120


MEMBERS 1ST FEDERAL CREDIT
UNION                                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: This case arises from the issuance of a line of credit secured by real estate located in Pennsylvania (the "Pennsylvania Property") and used to purchase real estate located in Lewis County, Kentucky (the "Kentucky Property"). Appellants are Kimberly A. Goodman and David W. Hill ("Borrowers"). Appellee is Members 1st Federal Credit Union ("Credit Union"). The parties filed multiple motions for summary judgment. The Lewis Circuit Court granted Credit Union's

motions and denied Borrowers' motions. Appellants appeal to this Court as a matter of right. For the following reasons, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2021, Borrowers obtained a $313,500.00 line of credit from Credit Union secured by the Pennsylvania Property. The line of credit was issued pursuant to a loan and collateral agreement ("Loan Agreement"). Borrowers soon withdrew the entire line of credit. They purchased the Kentucky Property on January 27, 2022. On July 12, 2023, Borrowers transferred the Kentucky Property to Woodsmoke Acres, LLC ("Woodsmoke"). The transfer was for $1.00, despite the Kentucky Property's $210,000.00 assessment by the Lewis County Property Valuation Administrator ("PVA").[1]

A senior institutional lienholder, Orrstown Bank (referred to herein as "Bank") foreclosed on the Pennsylvania Property. Borrowers do not dispute their default. On April 3, 2024, Credit Union purchased the Pennsylvania Property at sheriff's sale for $320,000.00. Credit Union received $84,974.33 after the Bank was compensated. Credit Union made improvements and sold the Pennsylvania Property for $436,459.16. The resale proceeds reduced Borrowers' indebtedness to $177,667.88.

---

[1] A default judgment was entered against Woodsmoke, and it is not a party to this appeal.

Credit Union filed suit in Lewis County Circuit Court to enforce the terms of the Loan Agreement and more precisely, to recover the remainder owed thereunder. Borrowers filled counterclaims alleging breach of contract and fraud. The court entered summary judgment for Credit Union for $177,667.88 and set aside the Kentucky Property transfer to Woodsmoke pursuant to KRS[2] 378A.040(1)(b). The court also awarded Credit Union $72,056.44 in attorney's fees and costs. Borrowers raise several issues. Each will be discussed in turn.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[3] 56.03. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted). With this standard in mind, we return to the record at issue in the present case.

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Civil Procedure.

## ANALYSIS

Borrowers argue that the circuit court lacked jurisdiction because the foreclosed property is in Pennsylvania. "[T]he issue of personal jurisdiction is a legal question, and hence, we review the issue *de novo*." *Worrell v. Stivers*, 523 S.W.3d 436, 439 (Ky. App. 2017). Similarly, a "challenge to the trial court's subject-matter jurisdiction to adjudicate the case below presents solely an issue of law, which we review de novo." *St. Joseph Cath. Orphan Soc'y v. Edwards*, 449 S.W.3d 727, 734 (Ky. 2014). There is no indication that Borrowers reside or are domiciled outside of Kentucky. To the contrary, it appears that they reside at the Kentucky Property and have received service there, including the order from which they now appeal. Thus, jurisdiction was proper under KRS 452.480. And although not a party to the present appeal Woodsmoke was organized as a Kentucky LLC. Thus, jurisdiction was proper under KRS 452.450.

The remainder of Borrowers' arguments arise from alleged noncompliance with the Loan Agreement.

> Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations.

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted). Appellants have not sufficiently identified any provision of the

Loan Agreement or attendant documents that have been violated here. In contrast, Credit Union has detailed its compliance with the Loan Agreement and Borrowers' rights thereunder. Absent some clear contractual or other legal directive to the contrary, Credit Union is not barred from proactively seeking to reduce its exposure to Borrowers' loan through lawful transactions—which appear to have reduced the amount Borrowers would otherwise owe. Credit Union is entitled to pursue a deficiency judgment for that sum in Kentucky.[4] Any additional arguments raised by Borrowers either lack preservation, merit, or are otherwise unpersuasive.

## CONCLUSION

For the foregoing reasons, the Lewis Circuit Court's summary judgment orders are hereby AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Kimberly A. Goodman, *pro se*
David W. Hill, *pro se*
Vanceburg, Kentucky

BRIEF FOR APPELLEE:

Chrisandrea L. Turner
Lexington, Kentucky

Joshua G. Wolford
Louisville, Kentucky

---

[4] Although the Loan Agreement appears to have a Pennsylvania choice of law clause, we have not been directed to any forum selection clause that would mandate that this case be pursued in our sister Commonwealth, or any other forum.